# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ROBIN STAR RODRIGUEZ,**

    **Plaintiff,**

v.                                                                  Case No:  6:17-cv-524-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION

Robin Star Rodriguez (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying her applications for disability insurance benefits and supplemental security income. Doc. 1; R. 1-8, 266-78. Claimant argued that the Administrative Law Judge (the ALJ) erred by: 1) "failing to properly evaluate [Claimant's] need for an assistive device"; 2) "incorrectly evaluating [Claimant's] credibility and giving inadequate weight to her testimony"; 3) "failing to include limitations from [Claimant's] upper extremity impairments in her residual functional capacity to reach, handle, finger, and feel"; 4) "finding that [Claimant] can perform her past work because the limitations supported by substantial evidence preclude her from performing her past work and direct that she be found disabled under the Medical Vocational Guidelines"; and 5) "failing to properly evaluate [Claimant's] impairments in light of the date last insured." Doc. 17 at 12-35. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

## I. THE ALJ'S DECISION

In 2013, Claimant filed applications for disability insurance benefits and supplemental security income. R. 15, 266-78. Claimant alleged a disability onset date of June 1, 2012. *Id*.

The ALJ issued his decision on October 30, 2015. R. 14-28. In the decision, the ALJ found that Claimant had the following severe impairments: cervical disc disease, obesity, gastroesophageal reflux disorder, lumbar disc disease, hypothyroidism, depressive disorder, anxiety disorder, vertigo, hypertension, peptic ulcer disease, neuropathy, migraine headaches, decreased vision, and deep vein thrombosis. R. 17. The ALJ found that Claimant had a residual functional capacity (RFC) to perform less than a full range of sedentary work as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a).[1] R. 19. Specifically, the ALJ found as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following limitations: The claimant can lift and carry 10 lbs. occasionally and 5 lbs. frequently. She is able to sit for up to six hours, and stand and walk for up to two hours each. She is able to push and pull as much as she can lift and carry. She is limited to the occasional use of foot controls, and occasional overhead reaching. She is limited to occasional climbing of ramps and stairs. She is never to climb ladders or scaffolds. The claimant is limited to frequent balancing, stooping, and crouching. She is limited to occasional kneeling, and no crawling. She is unable to read very small print, but is able to read ordinary newspaper or book style print. She should not work around unprotected heights or moving mechanical parts. She should have no concentrated exposure to humidity, wetness, dust, fumes and gases. She should avoid environments with temperature extremes. She is permitted to be off task up to 5% of the workday. The claimant is allowed a sit or stand option with the ability to change his position at every thirty minutes, with a brief positional change lasting nor more than three minutes at a time, where the claimant remains at the workstation during the positional change.

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a); 416.967(a).

*Id.* The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing her past relevant work as a telephone solicitor. R. 80-82. The ALJ thus found that Claimant was capable of performing her past relevant work as a telephone solicitor. R. 27. Therefore, the ALJ found that Claimant was not disabled. R. 27-28.

## II. STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*,

357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III. ANALYSIS

### A. Failure to Evaluate Claimant's Need for an Assistive Device

Claimant argued that the ALJ committed reversible error by failing to properly evaluate Claimant's need for an assistive device. Doc. 17 at 12-14. Specifically, Claimant argued that her need to use a cane limits her RFC to a greater extent than found by the ALJ, and, thus, that the ALJ erred by failing to include Claimant's need to use a cane in Claimant's RFC. *Id*. Claimant further argued that her need to use a cane would preclude her from performing her past relevant work. *Id*. The Commissioner argued that the ALJ's decision not to include Claimant's alleged need to use a cane was supported by substantial evidence. *Id*. at 14-17.

In his decision, the Commissioner stated as follows with regard to Claimant's alleged need to use a cane:

> The Claimant testified that she was prescribed a cane, however, the cane was not prescribed until a year after her alleged onset date. Even when the cane was prescribed the treatment note indicates that the claimant sought the prescription of the cane (Exhibit 3F page 5). Even with a cane, the claimant would not prevented from sedentary employment.

R. 26. Claimant argued that all three of the reasons provided by the ALJ are "erroneous or fail[] to overcome the impact of [Claimant's] need for a cane on her residual functional capacity." Doc. 17 at 12-13. Although the Court has concerns about the first two reasons provided by the ALJ – that Claimant requested a prescription for the cane and that the cane was not prescribed until one

year after Claimant's alleged onset date – the Court need not reach those issues here, as the third reason provided by the ALJ is supported by substantial evidence and any error would be harmless.[2]

Claimant argued that the third reason provided by the ALJ was erroneous because Social Security Ruling (SSR) 96-9p provides that "the occupational base for an individual who must use [an assistive] device for balance because of significant involvement of both lower extremities (e.g., because of a neurological impairment) *may* be significantly eroded." *Id*. at 13 (italics added). Claimant further noted that SSR 96-9p provides that "[i]n these situations, too, it *may* be especially useful to consult a vocational resource in order to make a judgment regarding the individual's ability to make an adjustment to work." *Id*. (italics added). But Claimant provided the foregoing quotes out of context. SSR 96-9p provides, in part, as follows:

> **Medically required hand-held assistive device:** To find that a hand-held assistive device is medically required, there *must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed* (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.
>
> Since most unskilled sedentary work requires only occasional lifting and carrying of light objects such as ledgers and files and a maximum lifting capacity for only 10 pounds, *an individual who uses a medically required hand-held assistive device in one hand may still have the ability to perform the minimal lifting and carrying requirements of many sedentary unskilled occupations with the other hand*. For example, an individual who must use a hand-held assistive device to aid in walking or standing because of an impairment that affects one lower extremity (e.g., an unstable knee), or to reduce pain when walking, who is limited to sedentary work because of the impairment affecting the lower extremity, and who has no other functional limitations or restrictions may still have the ability to make an adjustment to sedentary work that exists in significant numbers. On the other hand,

---

[2] In addition, Claimant provided no argument or authority to suggest that the first two reasons provided by the ALJ were erroneous, and, thus, waived the argument. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned).

> the occupational base for an individual who must use such a device for balance
> because of significant involvement of both lower extremities (e.g., because of a
> neurological impairment) may be significantly eroded.
>
> In these situations, too, it may be especially useful to consult a vocational resource
> in order to make a judgment regarding the individual's ability to make an adjustment
> to other work.

SSR 96-9p (italics added). Here, Claimant failed to provide any medical documentation describing the circumstances for which she allegedly needed to use a cane, and, thus, failed to prove that her cane was medically required. Moreover, Claimant provided no record evidence to suggest that the use of a cane would prevent her from performing sedentary work. And substantial evidence otherwise supports the ALJ's determination that Claimant was capable of sedentary work despite her alleged need to use a cane. *See* R. 21-27, 80-83. As such, Plaintiff failed to carry her burden of establishing that she was disabled, s*ee Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) ("The claimant bears a heavy burden in establishing the existence of a disability."), and the ALJ's determination was supported by substantial evidence.[3]

Further, aside from citing to a portion of SSR 96-9p and noting that Claimant's RFC includes a sit or stand option that could require Claimant to perform some work from her feet,[4]

---

[3] The Commissioner alluded to the fact that it may nevertheless have been error for the ALJ to not include Claimant's alleged need for a cane in the RFC despite finding that Claimant's alleged need for a cane did not prevent Claimant from performing sedentary work. Doc. 17 at 15-16. Although there may be some merit to the Commissioner's position that an ALJ may not leave a claimant's need for an assistive device out of the claimant's RFC merely because the ALJ finds that assistive device does not contradict the RFC, Claimant provided no argument or authority to that effect, and, thus, waived the argument. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned). Regardless, any error committed by the ALJ would be harmless for the reasons discussed *infra* pp. 7-8.

[4] Claimant also argued, in conclusory fashion, that the ALJ failed to evaluate how Claimant's sit or stand option "fits" with Claimant's alleged need to use a cane, and seemed to suggest that both of her hands would be unavailable for work because of her cane. R. 13-14. But Claimant provided

Claimant provided no argument or record evidence to suggest that the third reason provided by the ALJ was not supported by substantial evidence, or that Claimant's ability to perform sedentary work was, in fact, significantly eroded. Thus, Claimant waived the argument. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).

Regardless, any error committed by the ALJ would have been harmless. Although Claimant appears to suggest that the ALJ bears the burden of establishing that Claimant was capable of performing her past relevant work, it is Claimant that bears the burden of establishing that she is incapable of performing her past relevant work. *See Hale*, 831 F.2d at 1011 ("The claimant bears a heavy burden in establishing the existence of a disability. She must first show that her impairment prevents her from performing her previous work"). And Claimant has not demonstrated to the Court – or to the ALJ for that matter – that her purported need to use a cane

---

no explanation or support for why the use of a cane would render both of Claimant's hands unavailable.

prevented her from performing her past relevant work as a telephone solicitor. Claimant did not provide, as required by SSR 96-9p, any medical documentation describing the circumstances for which she is required to use a cane. Nor did Claimant provide any record evidence, argument, or authority to suggest that the specific manner in which she was allegedly required to use her cane somehow prevented her from performing her past relevant work.[5] Further, Claimant, who was represented by counsel at the hearing, failed to question the VE regarding whether her use of a cane would preclude her from performing her past relevant work.[6] As such, Claimant has failed to demonstrate that her alleged need to use a cane directly contradicts the ALJ's finding that Claimant was capable of performing her past relevant work, and, thus, any error committed by the ALJ would be harmless. *See, e.g.*, *Lara v. Comm'r of Soc. Sec.*, 2017 WL 3098126, at *6 (11th Cir. July 21, 2017) (finding that any error in failing to assign weight to an opinion was harmless where the ALJ's decision reflected that the ALJ had considered the records and the ALJ's decision was consistent with the records); *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam) (similar).

Finally, Claimant appears to allege, in a single, unsupported sentence, that the ALJ failed to properly explore whether Claimant's past relevant work as a telephone solicitor would permit a

---

[5] SSR 96-9p expressly accounts for the fact that "an individual who uses a medically required hand-held assistive device in one hand may still have the ability to perform the minimal lifting and carrying."

[6] The Court notes that Claimant's counsel did ask the VE whether "only occasional use in the dominant right hand for reaching or handling" would affect Claimant's ability to perform her past relevant work. R. 83. The VE testified that Claimant would still be capable of performing her past relevant work. *Id*.

sit or stand option as required in Claimant's RFC. R. 14. But Claimant waived this argument by raising it in a perfunctory manner. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned). Moreover, the ALJ questioned the VE regarding whether Claimant would be able to perform her past relevant work subject to a sit or stand restriction consistent with the RFC, and the VE testified that, indeed, Claimant would be able to perform her past relevant work. R. 81-82. Claimant's counsel did not elicit any testimony from the VE to suggest otherwise. R. 83-86.

### B. The ALJ's Credibility Determination

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. at §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. But the reasons provided by the ALJ may be

implicit if the implication is sufficiently clear as to amount to a specific credibility finding. *See id*. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *See id.* at 1562.

Here, Claimant argued that the ALJ erred by incorrectly evaluating Claimant's credibility. Doc. 17 at 17-22. Claimant argued that the reasons given by the ALJ are incomplete mischaracterizations of the testimony and evidence. *Id*. Specifically, Claimant argued that it was improper for the ALJ to cite the fact that Claimant lived with her disabled husband and grandson as a reason to discount Claimant's testimony. *Id*. at 18-21. Claimant further argued, without explanation, that the ALJ failed to properly apply the pain standard. *Id*. at 21-22. In response, the Commissioner argued that the ALJ properly described and applied the pain standard, and, in the alternative, that any alleged error was harmless, as the ALJ provided sufficient justifications for discrediting Claimant's testimony that were not challenged by Claimant. *Id*. at 22-29. The Court agrees with the Commissioner.

Although Claimant specifically argued that it was improper for the ALJ to cite the fact that Claimant lived with her disabled husband and grandson as a reason to discount Claimant's testimony, Claimant provided no specific arguments regarding the myriad other reasons offered by the ALJ for discrediting Claimant's testimony, thus waiving the arguments.[7] *See, e.g.*, *Jacobus*,

---

[7] The Court further notes that Claimant failed to provide any specific arguments as to why she believed it was improper for the ALJ to cite the fact that Claimant lived with her disabled husband and grandson in support of the ALJ's credibility determination. Doc. 17 at 17-21. Claimant argued that the ALJ did not "realistically take into account family dynamics and the true nature of [Claimant's] home life compared to the demands of competitive employment at the substantial gainful activity level," but provided no further explanation regarding the family dynamics or true nature of Claimant's home life to which Claimant was referring, or how that so-called true nature of Claimant's home life was allegedly consistent with Claimant's testimony or inconsistent with the ALJ's reasoning. *Id*. And although Claimant cited case law where the court found that the ALJ erred by finding that the claimant was not disabled based on the claimant's daily activities, Claimant did not explain how the facts in those cases are analogous to this case. *Id*. The Court

2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned). As such, Claimant has conceded that the other reasons offered by the ALJ were proper, and, thus, conceded that any error the ALJ may have committed by citing the fact that Claimant lived with her disabled husband and grandson was harmless, as the ALJ's decision was still supported by substantial evidence. *See Wilson v. Comm'r of Soc. Sec.*, 500 F. App'x 857, 859-60 (11th Cir. 2012) (noting that remand was unwarranted even if the ALJ cited an improper finding to support his adverse credibility determination because there was sufficient evidence within the record to support the ALJ's other reasoning for his adverse credibility determination); *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (holding that an ALJ's failure to consider a claimant's inability to afford treatment did not constitute reversible error when the ALJ did not rely primarily on a lack of treatment to find that the claimant was not disabled); s*ee also D'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (per curiam) (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it."); *see also Gilmore v. Astrue*, 2010 WL 989635, at *14-18 (N.D. Fla. Feb. 18, 2010) (finding that the ALJ's decision to discount a treating physician's opinion was supported by substantial evidence, even though two of the many reasons articulated by the ALJ were not supported by substantial evidence).

---

notes that an ALJ does not err merely because the ALJ finds that a claimant's daily activities are inconsistent with the claimant's testimony. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); *Bellew v. Acting Comm'r of Soc. Sec.*, 605 F. App'x 917, 929 (11th Cir. 2015) (finding that "the ALJ was entitled to consider [the claimant's] daily activities when evaluating [the claimant's] subjective symptoms.") (citation omitted). Thus, Claimant waived the argument. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned).

Regardless, the Court finds upon review that the ALJ provided valid reasons, supported by substantial evidence, for discrediting Claimant's testimony. For instance, the ALJ stated, in part, as follows:

> On October 15, 2013, James R. Shoemaker, D.O., performed a consultative evaluation. The claimant indicated that she is disabled due to degenerative disc disease, sciatica, osteoarthritis of the knees, muscle spasms, migraines, peptic ulcer disease, vertigo, peripheral edema, kidney and liver problems, vision impairment, chronic sinusitis, insomnia, hypothyroidism, and anxiety. Examination of the spine and back showed lumbar and sacral spine point tenderness. No cervical or thoracic spine point tenderness. No paraverbral muscle spasms. Straight leg raises were positive bilaterally. The lumbar spine forward flexion was 70 degrees, instead of 90 degrees, and cervical spine limitations with lateral flexion and rotation. The balance of the range of motion tests were normal. Examination of the lower extremities revealed a full range of motion of knees, ankles, and feet. The claimant had decreased hip flexion at 70 degrees instead of 100 degrees. The claimant had no evidence of peripheral or ankle edema, ulcerations, or varicosities. The claimant was able to demonstrate a wide-based gait without the use of cane. She was unable to heel or toe walk. Examination of the upper extremities revealed a full range of motion in wrists, elbows, and shoulders. The claimant's grip strength is 4 out of 5 bilaterally and fine manipulation is within normal limits. The claimant was able to turn a doorknob with both hands. The claimant was given a vision test and with corrected vision was 20/25 bilaterally. *Overall, the examination showed minimal abnormalities and certainly none that would cause the debilitating pain as alleged by the claimant.*

R. 24 (italics added). Given Claimant's testimony, the Court finds that the foregoing is a valid reason, supported by substantial evidence, for discrediting Claimant's testimony.[8]

Finally, the Court notes that Claimant, in making her arguments, failed to specifically reference or identify any of her own testimony. In other words, Claimant provided the Court with no indication of which testimony the ALJ allegedly improperly deemed lacked sufficient

---

[8] For instance, Claimant testified, in part, that her arms were the primary reason that she was unable to work. R. 51-52. Claimant testified that she cannot place her arms on a table or hold a fork; that she has broken numerous coffee cups; and that her hands go numb. Yet, as the ALJ noted, Dr. Shoemaker found during his examination of Claimant that Claimant had full range of motion in her wrists, elbows, and shoulders; that Claimant's grip strength was four out of five bilaterally; that Claimant's fine manipulation was within normal limits; and that Claimant was able to turn a doorknob with both hands. R. 24, 552-60.

credibility. It is axiomatic that the claimant bears the burden of demonstrating that he or she is disabled. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The failure of Claimant to identify which testimony the ALJ allegedly improperly discredited frustrates the Court's review of Claimant's arguments. As such, the Court finds that Claimant's argument attacking the ALJ's credibility determination does not provide a proper basis for the Court to reverse the ALJ's credibility determination.

### C. Failure to Include Upper Extremity Impairments

Claimant argued that the ALJ committed reversible error by failing to include limitations from Plaintiff's alleged upper extremity impairments in the RFC. Doc. 17 at 29-30. Claimant argued that substantial evidence supports Claimant's alleged upper extremity limitations. *Id*. But the issue is not whether there is substantial evidence to support a purported limitation that the ALJ failed to include in the RFC. The issue is whether substantial evidence supports the ALJ's decision not to include the purported limitation in the RFC. *See Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) ("Even if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence.").

Here, the ALJ's decision is supported by substantial evidence, as the record contains substantial evidence that Claimant's upper extremity limitations were not as severe as alleged. *See* R. 456, 471, 488, 501, 554. Moreover, Claimant provided nothing but her own testimony to support her alleged upper extremity limitations. And, as previously explained, the Court finds that the ALJ properly discredited Claimant's testimony. Claimant did not cite to any medical records to support her allegation that she suffered from severe impairments of her upper extremities. Thus, to the extent Claimant was attempting to argue that the medical record contained substantial

evidence of Claimant's upper extremity impairments, Claimant waived the argument.[9] *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned).

### D. Medical Vocational Guidelines

Claimant argued that the ALJ "committed reversible error by finding that [Claimant] can perform her past work because the limitations supported by substantial evidence preclude her from performing her past work and direct that she be found disabled under the Medical Vocational Guidelines." Doc. 17 at 33. First and foremost, as previously discussed, the ALJ did not err in finding that Claimant could perform her past work. Further, Claimant's argument is perfunctory and included no authority supporting Claimant's position; except that Claimant made a general citation to Medical Vocational Guidelines Rules 201.12 and 201.14 and stated that Claimant met those guidelines given her age, education, skill level, exertional limitations, past work, manipulative limitations, need for an assistive device, and pain levels. As such, Claimant has waived the argument. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned).

### E. Failure to Evaluate Impairment in Light of Date Last Insured

Claimant argued, in a perfunctory manner, that the ALJ "committed reversible error by failing to properly evaluate [Claimant's] impairments in light of the date last insured." Doc. 17 at 34-35. Claimant argued, without explanation or citation to authority, that the ALJ had a duty to develop the record to be able to make an inference back to Claimant's date last insured, December

---

[9] Regardless, the Court reiterates its finding that the medical record contains substantial evidence supporting the ALJ's decision.

31, 2012.[10] *Id.* Claimant then argued, citing SSR 83-20, that the ALJ's duty required the ALJ to call on the services of a medical advisor to determine the onset of Claimant's impairments, but did not explain why Claimant believes that SSR 83-20 applies in this case. *Id.*

> SSR 83-20 provides, in part, as follows:
>
> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.

The foregoing language clearly contemplates a situation in which the ALJ has determined that the claimant is disabled, but is unable to determine when the claimant's disability began. That is not the case here, and, as such, Claimant's argument is without merit. *See, e.g.*, *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 776 (11th Cir. 2010) ("We conclude that the ALJ did not contravene SSR 83–20 because the ALJ ultimately found that Klawinski was not disabled, and SSR 83–20 only required the ALJ to obtain a medical expert in certain instances to determine a disability onset date after a finding of disability."). Regardless, Claimant waived the argument by raising it in a perfunctory manner. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned)

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

---

[10] The Court notes that Claimant also applied for supplemental security income.

2. The Clerk is directed to enter judgment for the Commissioner and against Claimant, and close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 27, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Bernard Porter
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
Desoto Bldg, Suite 400
8880 Freedom Xing Trl
Jacksonville, FL 32256-1224